# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Marcos A. Madril, | No. CV-14-01566-TUC-RCC |
| Plaintiff, | **ORDER** |
| v. | |
| Wells Fargo Advisors LLC, | |
| Defendant. | |

Pending before the Court is Plaintiff's Motion to Vacate Arbitrators' Award or Modify the Decision (Doc. 21), Defendant's Petition to Confirm Arbitration Award (Doc. 22), Defendant's Notice of Motion and Motion to Confirm Arbitration Award (Doc. 25), and Magistrate Judge Eric J. Markovich's Report and Recommendation (R & R) (Doc. 37). The parties did not file objections to Judge Markovich's R & R. The Court accepts and adopts Magistrate Judge Markovich's May 18th, 2015 R & R as the findings of fact and conclusions of law of this Court and confirms the arbitration award.

**I.    Background**

The factual and procedural background in this case is thoroughly detailed in Magistrate Judge Markovich's R & R. This Court fully incorporates by reference the "Factual and Procedural Background" section of the R & R into this Order.

**II.    Discussion**

The duties of the district court in connection with a R & R are set forth in Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). The district court

may "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1).

Where the parties object to an R & R, "[a] judge of the [district] court shall make a de novo determination of those portions of the [R & R] to which objection is made." 28 U.S.C. § 636(b)(1); *see Thomas v. Arn*, 474 U.S. 140, 149-50 (1985). When no objection is filed, the district court need not review the R & R de novo. *Wang v. Masaitis,* 416 F.3d 992, 1000 n. 13 (9th Cir.2005); *United States v. Reyna-Tapia,* 328 F.3d 1114, 1121-22 (9th Cir. 2003) (en banc). The Court will not disturb a magistrate judge's order unless his factual findings are clearly erroneous or his legal conclusions are contrary to law. 28 U.S.C. § 636(b)(1)(A). "[T]he magistrate judge's decision…is entitled to great deference by the district court." *U.S. v. Abonce-Barrera*, 257 F.3d 959, 969 (9th Cir. 2001). A failure to raise an objection waives all objections to the magistrate judge's findings of fact. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998). A failure to object to a Magistrate Judge's conclusion "is a factor to be weighed in considering the propriety of finding waiver of an issue on appeal." *Id.* (internal citations omitted).

Here, the parties have not objected to the R & R, which relieves the Court of its obligation to review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); *Thomas v. Arn*, 474 U.S. 140, 149 (1985) ("[Section 636(b)(1) ] does not ... require any review at all ... of any issue that is not the subject of an objection."); Fed.R.Civ.P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). This Court considers the R & R to be thorough and well-reasoned. After a thorough and de novo review of the record, the Court adopts the R & R of Magistrate Judge Markovich. Accordingly,

**IT IS HEREBY ORDERED** that Magistrate Judge Markovich's Report and Recommendation (Doc. 37) is **ACCEPTED** and **ADOPTED** as the findings of fact and conclusions of law by this Court.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Vacate the Arbitrator's

Award or Modify the Decision (Doc. 21) is **DENIED**.  Defendant's Petition to Confirm Arbitration Award and Enter Judgment Thereon (Doc. 22) and Notice of Motion and Motion to Confirm Arbitration Award (Doc. 25) are **GRANTED**.

Dated this 30th day of July, 2015.

Raner C. Collins
Chief United States District Judge